IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MELVIN DUKES,**<br><br>Petitioner,<br><br>v.<br><br>**WARDEN,**<br><br>Respondent. | Case No. 1:16-cv-01325 MJS (HC)<br><br>**ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED FOR FAILURE TO STATE A COGNIZABLE CLAIM**<br><br>**[Doc. 1]** |

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus under the authority of 28 U.S.C. § 2254.

Petitioner filed the instant petition for writ of habeas corpus on September 8, 2016. (Pet., ECF No. 1.), The court is unable to determine Petitioner's crime of conviction due to the lack of legibility of his petition and an inability to understand his claims and factual assertions. (Id.) As best the Court can tell, Petitioner's main assertion relates to a loss of property while incarcerated. (Id.) It does not appear that such claims implicate the fact or length of his detention.

**I.    Discussion**

    **A.    Procedural Grounds for Summary Dismissal**

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

1

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

### B.     Failure to State Cognizable Claim

A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), quoting, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

Petitioner's claims are unclear. The petition is hardy legible, and the Court is unable to read large sections of it. In many places Petitioner has attempted to write two lines of text per each line of the petition. In addition to Petitioner's words being written too close together, to the extent the Court can read Petitioner's claims, it is difficult to determine what Petitioner is attempting to assert. It appears that Petitioner claims that correctional officers have taken action contrary to state laws and regulations, but it does not appear that Petitioner has alleged violations of federal law. Therefore, even if his claims implicate the fact or duration of his confinement, it does not appear that he has alleged a sufficient federal violation. A district court may entertain a petition for a writ of

habeas corpus by a state prisoner only on the ground that the custody is in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2254(a), 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n.7, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000); Wilson v. Corcoran, 131 S. Ct. 13, 16, 178 L. Ed. 2d 276 (2010).

Federal habeas relief is not available to retry a state issue that does not rise to the level of a federal constitutional violation. Wilson v. Corcoran, 131 S.Ct. at 16 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991). Alleged errors in the application of state law are not cognizable in federal habeas corpus. Souch v. Schaivo, 289 F.3d 616, 623 (9th Cir. 2002) (an ex post facto claim challenging state court's discretionary decision concerning application of state sentencing law presented only state law issues and was not cognizable in a proceeding pursuant to 28 U.S.C. § 2254); Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996). The Court accepts a state court's interpretation of state law. Langford, 110 F.3d at 1389. In a habeas corpus proceeding, this Court is bound by the California Supreme Court's interpretation of California law unless the interpretation is deemed untenable or a veiled attempt to avoid review of federal questions. Murtishaw v. Woodford, 255 F.3d 926, 964 (9th Cir. 2001).

Given the inability to decipher Petitioner petition or to identify a federal basis for his claims, the Court cannot find that he has presented claims entitled to relief by way of a federal petition for writ of habeas corpus.

A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971). As it is possible that a federal claim could be stated, Petitioner is provided the opportunity to file an amended petition to attempt to state a cognizable claim.

**II. Order**

Petitioner is ORDERED TO SHOW CAUSE why the petition should not be dismissed for Petitioner's failure to state cognizable federal claims. Petitioner is

1 | ORDERED to file an amended petition for writ of habeas corpus within thirty (30) days of
2 | the date of service of this order. The amended petition must be more legible than the
3 | original to enable the Court to evaluate its merits. Plaintiff must write more clearly, type
4 | the petition or have someone write it out for him.
5 |     Petitioner is forewarned that failure to follow this order will result in dismissal of
6 | the petition pursuant to Local Rule 110.

IT IS SO ORDERED.

Dated:   September 20, 2016         /s/ *Michael J. Seng*
                                                       UNITED STATES MAGISTRATE JUDGE